United States Court of Appeals
Fifth Circuit

**F I L E D**

April 17, 2003

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

**No. 02-21098
Summary Calendar**

_____

**ROSE SIMON,**

**Plaintiff-Appellant,**

**versus**

**TEXAS REHABILITATION COMMISSION,**

**Defendants-Appellees.**

_____

**Appeal from the United States District Court
for the Southern District of Texas
(H-01-CV-1200)**

_____

Before BARKSDALE, DEMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Rose Simon, *pro se*, appeals the summary judgment awarded Texas Rehabilitation Commission (TRC) against her race, gender, age, and disability discrimination claims. The district court granted summary judgment because: (1) the Eleventh Amendment barred the age and disability discrimination claims against TRC; (2) TRC produced legitimate, nondiscriminatory reasons for her discharge; and (3) Simon's allegations did not rise to the level of a hostile work environment.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

A summary judgment is reviewed *de novo*. *E.g.*, ***Meditrust Financial Servs. Corp. v. Sterling Chemicals, Inc.***, 168 F.3d 211, 213 (5th Cir. 1999). Such judgment is appropriate when, viewing the evidence in the light most favorable to the non-movant, there is no genuine issue of material fact and the movant is entitled to a judgment as a matter of law. ***Celotex Corp. v. Catrett***, 477 U.S. 317, 322-24 (1986); FED. R. CIV. P. 56(c).

Simon contends the Eleventh Amendment is no bar to her claims. However, the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, and the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, did not abrogate state sovereign immunity. ***Bd. of Trustees of Univ. of Alabama v. Garrett***, 531 U.S. 356, 360 (2001) (disability discrimination); ***Kimel v. Florida Bd. of Regents***, 528 U.S. 62, 67 (2000) (age discrimination). Simon has not produced any evidence showing Texas waived sovereign immunity.

For her race and gender discrimination claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, Simon has produced no evidence to show that TRC's nondiscriminatory reasons for discharge — improper request for confidential psychological records and general communication problems — were pretextual. *See* ***Reeves v. Sanderson Plumbing Prods., Inc.***, 530 U.S. 133, 143 (2000).

Finally, Simon's vague allegations of sex discrimination in her appellate brief do not rise to the level of a hostile work

2

environment.  *Ramsey v. Henderson*, 286 F.3d 264, 269 (5th Cir. 2002).

***AFFIRMED***
